UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES JERONE GARLAND                                                             PLAINTIFF

V.                                              CIVIL ACTION NO. 3:19-CV-592-KHJ-LGI

KOSCIUSKO SCHOOL DISTRICT and                                           DEFENDANTS
MISSISSIPPI DEPARTMENT OF EDUCATION

ORDER

This action is before the Court on the Motions to Dismiss [9][12] filed by Defendants Mississippi Department of Education ("MDE") and Kosciusko School District (the "District"). For the reasons below, the Court grants MDE's motion and denies the District's motion without prejudice.

I.      Facts and Procedural History

Pro se Plaintiff James Jerone Garland ("Garland") sues the "District" and MDE under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. Compl. [1] at 3. The District employed Garland as a substitute teacher. *Id.* Garland alleges the District forced him to resign after he advocated for minority staff and students. Attachment [1-1] at 2. Prior to his resignation, Garland contends the District retaliated against him by requiring him to undergo a drug test. Response [17] at 2. Garland disputes the results of that drug test.[1] *Id.*

---

[1] In his Response to the District's motion, Garland states that he did not fail the drug test. [17] at 2. In his EEOC Charge, though, Garland admits that he failed the drug test but

Garland also claims MDE was negligent in failing to publish guidelines about the hiring and scheduling of substitute teachers. Attachment [1-1] at 3. MDE's lack of oversight, according to Garland, amounts to discrimination. *Id.*

II.   Standard

Both motions pending before the Court seek dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion under Rule 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)) (alteration omitted). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

Garland's status as a pro se litigant does not excuse him from the *Twombly* and *Iqbal* pleading requirements. Although the Fifth Circuit has instructed the Court to "liberally construe" pro se litigants' pleadings, they must still "abide by the

---

argues that it was a false positive. [12-1]. Garland also complains of the standard the District used to determine a positive result. *Id.*

rules that govern the federal courts." *Equal Emp't Opportunity Comm'n v. Simbaki Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013)). Garland must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief." *Id.* (citing *Champion v. United States*, 421 F. App'x 418, 423 (5th Cir. 2011)).

In deciding a motion to dismiss, the Court "must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). The Court takes judicial notice of Garland's Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC Charge") and will consider it in its analysis. *See Martin v. Rainbow Casino*, No. 5:11-cv-142-DCB-RHW, 2012 WL 1883673, at *1 (S.D. Miss. May 22, 2012) ("It is well established that EEOC documents fall within the ambit of materials of which the courts may take judicial notice.") (citations omitted).

III. Analysis

    A.    Title VII

Garland brings his claims under Title VII, 42 U.S.C. § 2000e-2(a), which holds employers liable for discriminatory employment actions. "To demonstrate a prima facie case of employment discrimination, [Garland] must show that [he] (1) belongs to 'a protected class'; (2) 'was qualified for the position'; (3) experienced

3

'an adverse employment action'; and (4) was 'similarly situated' to other employees who were not members of [his] protected class and who 'were treated more favorably.'" *West v. City of Houston, Tex.*, 960 F.3d 736, 750 (5th Cir. 2020) (quoting *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004)).

Before filing an action under Title VII, 42 U.S.C. § 2000e-5(e)(1) requires plaintiffs "to exhaust their administrative remedies by filing a charge of discrimination to the [EEOC] within 180 days of the alleged discrimination." *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018). Failure to file an EEOC charge within the required time bars a plaintiff from relief. *Id.* at 305-07.

B.    MDE's Motion to Dismiss [9]

MDE moves for dismissal because MDE was not Garland's employer. Title VII specifically provides relief for the discriminatory actions of a plaintiff's "employer." 42 U.S.C. § 2000e-2. Garland does not allege MDE was ever his employer. Instead, he claims MDE failed to provide guidance to the District on hiring policies. Attachment [1-1] at 3. Garland argues this amounted to negligence and contributed to the District's discrimination against him. Response [14] at 2. Because such negligence by a non-employer is not actionable under Title VII, the Court grants MDE's motion and dismisses the claim against it with prejudice.

C.    The District's Motion to Dismiss [12]

The District moves for dismissal because Garland's allegations do not establish that he suffered an adverse employment action or that he was treated less favorably than "similarly situated . . . employees who were not members of [his]

4

protected class." See *West*, 960 F.3d at 750 (quoting *Bryan*, 375 F.3d at 360) (internal quotation omitted). The District does not dispute that Garland is African American, and therefore a member of a protected class, or that Garland was qualified to be a substitute teacher.

        1.        Adverse Employment Action

An adverse employment action refers "to an employment decision that affects the terms and conditions of employment." *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 503 (5th Cir. 2014) (citing *Pegram v. Honeywell, Inc.*, 361 F.2d 272, 281-82 (5th Cir. 2004)). Employment actions which do not "affect job duties, compensation, or benefits" do not constitute adverse employment actions. *Id.* (quoting *Pegram*, 361 F.2d at 282). Garland alleges only one adverse employment action—his "forced" resignation. Attachment [1-1] at 2.

Garland's resignation is not an adverse employment action. "A resignation is actionable under Title VII . . . only if the resignation qualifies as a constructive discharge." *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001). Constructive discharge occurs where "the employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004) (quoting *Jurgens v. EEOC*, 903 F.2d 386, 390 (5th Cir. 1990)). To determine whether a plaintiff was constructively discharged, the Court considers these factors:

> (1) [D]emotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work;

5

(5) reassignment to work under a younger [or less experienced/qualified] supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement [or continued employment on terms less favorable than the employee's former status].

*Id.* (quoting *Brown*, 237 F.3d at 566) (footnote omitted). Garland does not allege the District made working conditions so intolerable that he had to resign. He provides no facts to support that his resignation was due to "badgering, harassment, or humiliation" by the District as the above factors require. *Haley*, 391 F.3d at 649 (citing *Brown*, 237 F.3d at 566). Garland likewise offers no elaboration in his responses. In his EEOC Charge, though, he stated he "resigned his employment rather than face the possibility of being terminated." [12-1]. Resignation to avoid termination does not amount to "badgering, harassment, or humiliation" by the District. *Haley*, 391 F.3d at 649 (citing *Brown*, 237 F.3d at 566). Garland therefore offers no allegations to support his claim of constructive discharge.

Construing the Complaint, its Attachment, and Garland's responses liberally and in the light most favorable to him, the Court finds he has failed to sufficiently plead an adverse employment action.

    2.  Similarly-Situated Employees Treated More Favorably

Even if Garland had pleaded an adverse employment action, his Complaint fails to allege similarly-situated employees were treated more favorably. The Fifth Circuit requires a showing that fellow employees "under nearly identical circumstances" were treated more favorably. *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (quoting *Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97

6

(5th Cir. 1991)). Garland does not allege the District treats white substitute teachers differently "under nearly identical circumstances." The only comparison Garland offers in his pleading is that, because teachers are allowed to choose their own substitutes and "[b]ecause most of the teachers are white[,] most of the subs are white." Attachment [1-1] at 3. Again, Garland's responses offer no support. *See* [15][17]. Garland therefore has not alleged similarly-situated white substitute teachers were treated more favorably than him.

### 3. Title VII Retaliation

For the first time in his second Response,[2] Garland claims he was drug tested in retaliation for his attempts to address the District's discriminatory practices. [17] at 2. Though not specifically alleged in either his Complaint or Responses, the Court analyzes this claim under 42 U.S.C. § 2000e-3. To establish a claim of retaliation under this section, Garland must allege "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *Thomas v. Tregre*, 913 F.3d 458, 463 (5th Cir. 2019) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007)). Garland fails to meet these requirements.

First, Garland does not allege he participated in an activity protected by Title VII. This prong requires Garland to show he either opposed "an unlawful

---

[2] Ordinarily, the Court would not consider a second response filed without leave. That said, the Court realizes that Garland is proceeding without assistance of counsel and will, in the interests of justice, consider his second response.

employment practice" under Title VII ("opposition clause") or made a charge or participated in an "investigation, proceeding, or hearing" brough under Title VII ("participation clause"). *Equal Emp't Opportunity Comm'n*, 819 F.3d 235, 239 (5th Cir. 2016) (quoting 42 U.S.C. § 2000e-3(a)). As there is no allegation that Garland participated in any investigation or proceeding against the District, the Court assumes he brings his claim under the "opposition clause." Garland specifies only two practices he opposed—not allowing alternative school students to ride school buses and MDE's lack of oversight over the hiring and employment of substitute teachers. *See* Response [17] at 2. Neither practice is unlawful under Title VII, as the former is not an employment practice and the latter stems from the alleged negligence by third-party non-employer. Garland's retaliation claim fails under this prong.

Garland also has not alleged an adverse employment action or a causal link. For a retaliation claim, an adverse employment action is an action that "a reasonable employee would have found . . . materially adverse, . . . mean[ing] it might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (quoting *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006)). Garland cannot show an employer subjecting an employee to a single drug test would deter a "reasonable employee" from "making or supporting a charge of discrimination." *See id.* But if he could, Garland still fails to allege any causal link between his opposition to the District's practices and his drug test. Garland does not state what

actions he took in opposition to the District's alleged discrimination, nor does he allege the District had any knowledge of those actions prior to his drug test. Garland therefore has not met any of the requirements to properly plead a retaliation claim under Title VII.

Garland's retaliation claim fails for another reason. Garland had to lodge his retaliation claim with the EEOC prior to filing suit in district court. *See Davis*, 893 F.3d at 303. He did not. His EEOC Charge references only discrimination. [12-1]. Garland therefore has not exhausted his administrative remedies on his retaliation claim. *See Davis*, 893 F.3d at 303.

    4.  Leave to Amend

The Fifth Circuit has cautioned courts against "dismiss[ing] *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). Perhaps when Garland's allegations are fully set forth, he truly cannot state a claim against the District. Before arriving at such a conclusion, however, the Court will allow Garland until February 4, 2021, to file an amended complaint against the District to present his "best case." If Garland does not amend his complaint, the Court will dismiss his claims against the District with prejudice.

D. Garland's Request for an Attorney

Garland requests that, rather than dismiss his case, the Court stay the case and assign him counsel from the Civil Rights Division of the U.S. Department of Justice. Though the Court lacks authority to order the U.S. Department of Justice to take a case, 28 U.S.C. § 1915(e)(1) grants the Court the authority to appoint an attorney to represent a litigant in federal court. *Castro Romero v. Becken*, 256 F.3d 349, 352-54 (5th Cir. 2001) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). The appointment of an attorney to a pro se litigant in a civil case is not automatic but is instead within the discretion of the Court. *Id.* at 354. "In evaluating whether the appointment of counsel is proper, the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence." *Id.*

The Court finds this case is not complex enough to warrant appointment of counsel, and therefore, declines to appoint legal counsel.

VI. Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, MDE's Motion to Dismiss [9] is GRANTED and the claims against it will be DISMISSED WITH PREJUDICE.

Further, the District's Motion to Dismiss [12] is DENIED WITHOUT PREJUDICE. Garland has until February 4. 2021, to file an amended complaint against the District to cure the deficiencies identified by the Court. If Garland does

not amend his complaint, the Court will dismiss his claims against the District with prejudice.

SO ORDERED AND ADJUDGED this the 21st day of January, 2021.

s/ <i>Kristi H. Johnson</i><br>
UNITED STATES DISTRICT